IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN W. HIGGINS,

    Plaintiff,                      No. 2:13-cv-0275 WBS EFB P

    vs.

BARNES, et al.,                  <u>ORDER GRANTING IFP AND DISMISSING</u>
                                                     <u>COMPLAINT WITH LEAVE TO AMEND</u>

    Defendants.

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.**    **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.**    **Screening Requirement and Standards**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

////

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed because it does not comply with Rule 8. This rule requires the pleader to set forth his allegations in a simple, concise, and direct manner. Before undertaking to determine whether the complaint may have merit, the court must insist on plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of his claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

If plaintiff wishes to continue this litigation he must file an amended complaint. Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. It must also adhere to the following requirements:

The amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*

*Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Any amended complaint may not change the nature of this suit by alleging new, unrelated claims.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

Additionally, the court hereby informs plaintiff of the following legal standards that may be applicable to his intended claims for relief:

4

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[1] *Id.* Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. The right

---

[1] Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Silva*, 658 F.3d at 1102 (quotations omitted). The right to legal assistance is limited to the pleading stage. *Id.*

Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Moreover, the right to receive mail is subject to "substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." *Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir. 1990) (citations omitted). To be constitutional, an action or regulation restricting an inmate's ability to send or receive mail must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Prisoners have no liberty interest in avoiding being transferred to another prison (or being housed in a particular institution). *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable expectation" that they will be incarcerated

6

in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489 (1980); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due process protections generally do not apply when prison officials change an inmate's place of confinement, "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another").

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Plaintiff must also allege facts showing that he there is no rational basis for the difference in treatment. *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: May 13, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8